BRYAN SCHRODER
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: richard.pomeroy@usdoj.gov
AUSA Alaska Bar No. 8906031

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STELL CORPORATION d/b/a<br>CHAMPSYSTEMS, INC.,<br><br>Defendant. | ) No. 3:17-cv-<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW the United States of America, by and through

undersigned counsel, and alleges:

1.      The United States brings this action on behalf of U.S.

Customs and Border Protection, U.S. Department of Homeland Security ("CBP").

2. This matter arises under Section 526 of the Tariff Act of 1930, as amended (19 U.S.C. § 1526(f)), to recover a monetary civil penalty with respect to defendant Stell Corporation d/b/a Champsystems, Inc. (referred to herein as "Champsystems") violation of 19 U.S.C. § 1526, related to the unlawful importation and subsequent administrative forfeiture of network switches and modules.

3. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper pursuant to 28 U.S.C. § 1395, in that the violations from which the present action accrues originated in the District of Alaska.

## PARTIES

5. CBP is, and at all times relevant to this action was, vested with the duty to enforce and execute the provision of Title 19 of the United States Code.

6. Upon information and belief, defendant is a company located

U.S. v. Champsystems, Inc.
3:17-cv-                                    Page 2 of 9

Case 3:17-cv-00195-TMB    Document 1    Filed 09/07/17    Page 2 of 9

at 1085 Willamette Falls Drive, West Linn, Oregon 97068.

## APPLICABLE LAW

7.      Section 42 of the Lanham Act provides that "[n]o article of imported merchandise which shall copy or simulate the name of any domestic manufacture, or manufacturer … shall be admitted to entry at any customhouse of the United States[.]"  15 U.S.C. § 1124.

8.      Pursuant to 19 U.S.C. § 1526(e), any merchandise bearing a "counterfeit" mark imported in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124), "shall be seized and, in the absence of the written consent of the trademark owner, forfeited for violations of customs laws."

9.      "[A]ny person who directs, assists financially or otherwise, or aids and abets the importation of" counterfeit merchandise in violation of 19 U.S.C. § 1526(e), may be fined under 19 U.S.C. § 1526(f).

## DEFENDANT'S VIOLATIONS

10.    On or about January 27, 2011, Liu Jianbo of Network Win Channel Technologies Ltd. attempted to ship from Hong Kong, via Federal Express ("FedEx"), a shipment of twenty four (24) network

U.S. v. Champsystems, Inc.
3:17-cv-                              Page 3 of 9

switches to defendant Champsystems at its business address.

11. CBP personnel at the FedEx hub in Anchorage, Alaska examined the merchandise and determined that it infringed on the mark that Cisco Technology, Inc. ("Cisco") had registered with the U.S. Patent and Trademark Office ("USPTO"), and recorded with CBP.

12. CBP calculated the domestic value of the counterfeit network switches at $11,160, and the Manufacturer's Suggested Retail Price ("MSRP") for authentic versions of the network switches at $33,480.

13. On February 3, 2011, CBP seized the counterfeit network switches pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21(b), and administratively forfeited them on August 3, 2011.

14. On or about March 5, 2011, Datanet Solution Ltd. attempted to ship from Hong Kong, via FedEx, a shipment of four (4) network switches to defendant Champsystems at its business address.

15. CBP personnel, at the FedEx hub in Anchorage, Alaska, examined the merchandise and determined that it infringed on the mark that Cisco had registered with USPTO, and recorded with CBP.

16. CBP calculated the domestic value of the counterfeit network switches at $11,700, and the MSRP for authentic versions of the network switches at $28,485.

17. On March 16, 2011, CBP seized the counterfeit network switches pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21(b), and administratively forfeited them on August 3, 2011.

18. On or about March 2, 2011, Network Technology Suppliers attempted to ship from Hong Kong, via FedEx, a shipment of twelve (12) network modules to defendant Champsystems at its business address.

19. CBP personnel, at the FedEx hub in Anchorage, Alaska, examined the merchandise and determined that eight (8) of the twelve (12) network modules infringed on the mark that Cisco had registered with USPTO, and recorded with CBP.

20. CBP calculated the domestic value of the counterfeit network modules at $64,000, and the MSRP for authentic versions of the counterfeit network modules at $160,000.

21. On April 4, 2011, CBP seized the counterfeit network

Case 3:17-cv-00195-TMB    Document 1    Filed 09/07/17    Page 5 of 9

modules pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21(b), and administratively forfeited them on March 7, 2012.

22. On or about March 3, 2011, Datanet Solution, Ltd. attempted to ship from Hong Kong, via FedEx, a shipment of three (3) network switches to defendant Champsystems at its business address.

23. CBP personnel, at the FedEx hub in Anchorage, Alaska, examined the merchandise and determined the network switches infringed on the mark that Cisco had registered with USPTO, and recorded with CBP.

24. CBP calculated the domestic value of the counterfeit network switches at $5,680, and the MSRP for authentic versions of the network switches at $13,585.

25. On April 4, 2011, CBP seized the counterfeit network switches pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21(b), and administratively forfeited them on August 3, 2011.

26. On or about September 17, 2011, Cisgate Limited attempted to ship from Hong Kong, via FedEx, a shipment of four (4) network switches to defendant Champsystems at its business address.

U.S. v. Champsystems, Inc.
3:17-cv-                                   Page 6 of 9

27.  CBP personnel, at the FedEx hub in Anchorage, Alaska, examined the merchandise and determined the network switches infringed on the mark that Cisco had registered with USPTO, and recorded with CBP.

28.  CBP calculated the domestic value of the counterfeit network switches at $22,400 and the MSRP for authentic versions of the network switches at $55,980.

29.  On September 17, 2011, CBP seized the counterfeit network switches pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21(b), and administratively forfeited them on February 15, 2012.

30.  On April 23, 2012, CBP issued to defendant a civil penalty in the amount of $291,530, pursuant to 19 U.S.C. § 1526(f)(1), which was based on the MSRP for the merchandise had the merchandise consisted of legitimate goods.

31.  On June 11, 2015, CBP advised the defendant that the penalty would be mitigated to $40,000.  CBP instructed defendant that it was required to pay the mitigated penalty within thirty (30) days, or it would be liable for the full amount of the original penalty.  Defendant

failed to pay the mitigated penalty.  To date, the entire penalty amount of $291,530.00 remains outstanding.

## COUNT I

1.     The allegations contained in pargraphs 1 through 31, above, are restated and incorporated herein by reference.

2.     The counterfeit network switches and modules were sent from Hong Kong, and consisted of merchandise that copied or simulated trademarks that were registered and recorded by Cisco.  The counterfeit network switches and modules bore "counterfeit" marks that were identical to, or substantially indistinguishable from, trademarks that were registered and recorded by Cisco, pursuant to 15 U.S.C. § 1127.

3.     The counterfeit network switches and modules were imported into the United States in violation of 15 U.S.C. § 1124.

4.     The counterfeit network switches and modules were properly seized and forfeited pursuant to 19 U.S.C. § 1526(e), in that Cisco never consented to the importation of merchandise.

5.     Defendant directed, assisted financially or otherwise, or aided and abetted the importation of the counterfeit network switches

U.S. v. Champsystems, Inc.
3:17-cv-                                        Page 8 of 9

Case 3:17-cv-00195-TMB    Document 1    Filed 09/07/17    Page 8 of 9

and modules in violation of 19 U.S.C. § 1526(e).  Defendant is therefore liable for a penalty in the amount of $291,530.00, pursuant to 19 U.S.C. § 1526(f).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court enter judgment, with respect to Count I, for the United States and against defendant, in the amount of $291,530.00, plus interest, costs, and attorney's fees; and that the Court grant such other and further relief as it may deem appropriate.

RESPECTFULLY SUBMITTED this 6th day of September, 2017, in Anchorage, Alaska.

BRYAN SCHRODER
Acting United States Attorney

s/ Richard L. Pomeroy
RICHARD L. POMEROY
Assistant U.S. Attorney
United States of America

U.S. v. Champsystems, Inc.
3:17-cv-                                    Page 9 of 9